UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

D-1 JOHN S. BENCHICK,

        Defendant.
_____/

Case No. 17-mc-50074
(Related to Case No. 13-cr-20453)

Honorable Robert H. Cleland

## **STIPULATION FOR ENTRY OF ORDER SETTLING AND RESOLVING PETITION FILED BY ADRIAN FARM FUND, LLC**

Plaintiff, by and through its counsel, together with Adrian Farm Fund, LLC, (Petitioner) by and through its attorney, Jorin Rubin, hereby submit this Stipulation for Entry of an Order Settling and Resolving the Petition to Adjudicate the Validity of Interest in Property filed by Petitioner (17-mc-50074; ECF 3) concerning the following property (hereinafter the "Subject Property"):

> Three Hundred Seven Thousand Five Hundred Eighteen Dollars and Seventy-Three Cents ($307,518.73) in U.S. currency in net proceeds from the sale of, and in lieu of, real property located at 2850 E. US 223, Adrian, MI, 49221 and 2850 E US 223, Madison Township, MI, 49221.

On October 6, 2016, this Court entered a Preliminary Order of Forfeiture in Criminal Case No. 13-cr-20453 (ECF 89) ordering the forfeiture to the United States of all defendant Benchick's right, title and interest in the Subject Property. However, the forfeiture order provides that if defendant Benchick appeals from his

conviction on Count One of the Second Superseding Indictment, the government will stay the execution of forfeiture as to the Subject Property to ensure that it remains available pending appellate review. (13-cr-20453; ECF 89). The forfeiture order further provides,

> the stay will not delay the ancillary proceeding or the determination of a third party's rights or interests. If the Court rules in favor of any third party while an appeal is pending, the Court may amend the order of forfeiture but must not transfer any property interest to a third party until the decision on appeal becomes final, unless Defendant consents in writing or on the record.

(13-cr-20453; ECF 89). Defendant Benchick filed an appeal, which is currently pending before the United States Court of Appeals, for the Sixth Circuit (Case No. 16-2471, *USA v. John Benchick*) (the "Benchick Appeal").[1]

Petitioner filed a petition claiming an interest in the Subject Property in the amount of $115,000.00. (17-mc-50074; ECF 3).

The period for filing an ancillary petition asserting an interest in the Subject Property has expired and with the exception of Petitioner and David Slates, no other persons have filed a petition.[2]

---

[1] Oral argument is scheduled for December 7, 2017.
[2] A separate stipulation between the government and David Slates addresses the petition filed by Mr. Slates.

The undersigned parties recognize the inherent potential risks of litigation, are aware of their respective rights, and wish to resolve this matter without further litigation and expense.  Accordingly, the undersigned parties have reached a settlement regarding the Subject Property.

NOW, THEREFORE, the parties, whose signatures appear below, hereby stipulate and agree, and seek the immediate entry of an Order as follows:

1. These are ancillary proceedings under 21 U.S.C. § 853(n) stemming from the criminal case of defendant John Benchick, 13-cr-20453 (E.D. Mich., Hon. Cleland).

2. The Court has jurisdiction and venue pursuant to 21 U.S.C. § 853(l).

3. The position of the United States was at all times meritorious. Petitioner hereby releases, remises and forever discharges the United States of America, and its agents, officers, employees, past and present, and all other persons assisting in any manner in the facts, events and circumstances giving rise to the forfeiture action against the Subject Property, from any liability, responsibility or obligation of any kind whatsoever, as well as all claims or causes of action which Petitioner, and its assigns, agents and successors in interest, past and present, have, and hereafter can, shall or may have for, or on account of the incidents or circumstances giving rise to, and in connection with, the forfeiture action against

the Subject Property.

4. Upon entry by the Court of the Order submitted herewith, or as soon thereafter as is practicable, the government will file an application requesting that the Court enter an Amendment to the Preliminary Order of Forfeiture in Case No. 13-cr-20453 (E.D. Mich., Hon. Cleland) that authorizes the United States to release and transfer Fifty Seven Thousand Five Hundred Dollars ($57,500.00) to Petitioner less any debt owed by Petitioner to the United States, any agency of the United States, or less any other debt which the United States is authorized to collect from Petitioner, including but not limited to any debts collected through the Treasury Offset Program, in full satisfaction of the claims set forth in Petitioner's petition as it pertains to this ancillary matter upon the happening of the first of the following to occur:

    a) the decision by the Sixth Circuit Court of Appeals on the Benchick Appeal, affirming the conviction on Count One of the Second Superseding Indictment, becomes final, or

    b) defendant Benchick consents in writing or on the record.

5. Upon being authorized to release/transfer the funds described in Paragraph 4 above, such funds shall be disbursed through the Electronic Payment System after Petitioner's attorney has supplied Automated Clearing House

information to the government for electronic deposit of the funds into the attorney's then current IOLTA/client trust account, or other account designated by Petitioner's attorney.

6. Petitioner hereby withdraws and releases its claim/petition against the government to the remainder of the Subject Property that Petitioner sought to recover in its petition, and agrees to accept the payment of the funds described in Paragraph 4 above in full satisfaction of the claim set forth in its petition as against the government.

7. By signing below, the parties to this Stipulation affirm that they have reviewed this Stipulation with counsel of their choice; understand it, and are aware of their rights and obligations under it; and understand fully the consequences of entering into it.

8. Petitioner hereby knowingly and voluntarily waives any and all right to reimbursement by the United States of reasonable attorney fees and litigation costs in connection with this action under 28 U.S.C. § 2465(b)(1)(A) or any other statute that might conceivably apply.

9. Given the parties' agreement set forth in this stipulation, there is no need to litigate the claims set forth in Petitioner's petition in this ancillary action. Accordingly, upon entry of the Order submitted with this Stipulation, this matter,

Case No. 17-mc-50074, shall be **CLOSED**. However, the Court shall retain jurisdiction to enforce this Order.

10.     Nothing in this Stipulation should be interpreted or construed as an agreement, admission or finding that Petitioner holds a lien, free and clear of all other liens and encumbrances held by any third party, on the Subject Property.

11.     In the event that defendant John Benchick's conviction on Count One of the Second Superseding Indictment in Criminal Case No. 13-cr-20453 is vacated, and the government decides not to retry defendant Benchick on Count One and/or dismisses the charge, then the United States will disburse the Subject Property as authorized by statute and directed by the Court. Additionally, notwithstanding anything stated herein to the contrary, in the event that defendant John Benchick's conviction on Count One of the Second Superseding Indictment in Criminal Case No. 13-cr-20453 is vacated, and the government decides not to retry defendant Benchick on Count One and/or dismisses the charge, then the

interest that Petitioner claims in the Subject Property as set forth in its Verified

Petition is preserved.

Agreed as to form and substance:

DANIEL L. LEMISCH
Acting United States Attorney


| | |
|---|---|
| s/ Linda Aouate | s/Jorin G. Rubin |
| LINDA M. AOUATE (P70693) | JORIN G. RUBIN (P60867) |
| Assistant United States Attorney | Counsel for Petitioner |
| 211 W. Fort Street, Suite 2001 | 550 W. Merrill Street, Suite 100 |
| Detroit, MI 48226 | Birmingham, MI 48009-1443 |
| (313) 226-9587 | (248) 799-9100 |
| linda.aouate@usdoj.gov | jorinrubin@comcast.net |
| Dated: October 18, 2017 | Dated: October 19, 2017 |


s/Robert Ameriguian, please see attached page
ROBERT AMERIGUIAN
Managing Member
Adrian Farm Fund, LLC
Petitioner

Dated: October __, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

D-1 JOHN S. BENCHICK,

        Defendant.
_____/

Case No. 17-mc-50074
(Related to Case No. 13-cr-20453)

Honorable Robert H. Cleland

## ORDER SETTLING AND RESOLVING
## PETITION FILED BY ADRIAN FARM FUND, LLC

This Court, having reviewed the Stipulation submitted by the government and Adrian Farm Fund, LLC, HEREBY ORDERS the following:

1. These are ancillary proceedings under 21 U.S.C. § 853(n) stemming from the criminal case against defendant John Benchick.

2. The Court has jurisdiction and venue pursuant to 21 U.S.C. § 853(l).

3. The position of the United States was at all times meritorious. Adrian Farm Fund, LLC releases, remises and forever discharges the United States of America, and its agents, officers, employees, past and present, and all other persons assisting in any manner in the facts, events and circumstances giving rise to the forfeiture action against the Subject Property, from any liability, responsibility or obligation of any kind whatsoever, as well as all claims or

causes of action which Adrian Farm Fund, LLC, and its assigns, agents and successors in interest, past and present, have, and hereafter can, shall or may have for, or on account of the incidents or circumstances giving rise to, and in connection with, the forfeiture action against the Subject Property.

4. Upon entry of this Order, or as soon thereafter as is practicable, the government will file an application requesting that the Court enter an Amendment to the Preliminary Order of Forfeiture in Case No. 13-cr-20453 that authorizes the United States to release and transfer Fifty Seven Thousand Five Hundred Dollars ($57,500.00) to Adrian Farm Fund, LLC less any debt owed by Adrian Farm Fund, LLC to the United States, any agency of the United States, or less any other debt which the United States is authorized to collect from Adrian Farm Fund, LLC, including but not limited to any debts collected through the Treasury Offset Program, in full satisfaction of the claims set forth in Adrian Farm Fund, LLC's petition upon the happening of the first of the following to occur:

   a) the decision by the Sixth Circuit Court of Appeals on the appeal filed by defendant Benchick Appeal (Case No. 16-2471), affirming the conviction on Count One of the Second Superseding Indictment, becomes final, or

   b) defendant Benchick consents in writing or on the record.

5. Upon being authorized to release/transfer the funds described in Paragraph 4 above, such funds shall be disbursed through the Electronic Payment System after Adrian Farm Fund, LLC's attorney has supplied Automated Clearing House information to the government for electronic deposit of the funds into the attorney's then current IOLTA/client trust account, or other account designated by Adrian Farm Fund, LLC's attorney.

6. Adrian Farm Fund, LLC withdraws and releases its claim/petition against the government to the remainder of the Subject Property that it sought to recover in its petition and accepts the payment of the funds described in Paragraph 4 above in full satisfaction of the claims set forth in its petition as against the government.

7. Adrian Farm Fund, LLC and the government have affirmed that each has reviewed the Stipulation with counsel of their choice; understand it, and are aware of their rights and obligations under it; and understand fully the consequences of entering into it.

8. Adrian Farm Fund, LLC knowingly and voluntarily waives any and all right to reimbursement by the United States of reasonable attorney fees and litigation costs in connection with this action under 28 U.S.C. § 2465(b)(1)(A) or any other statute that might conceivably apply.

9. Given the Stipulation between the government and Adrian Farm Fund, LLC, litigating Adrian Farm Fund, LLC's petition in this ancillary matter is unnecessary. Accordingly, upon entry of this Order, this ancillary matter is **CLOSED**. However, the Court shall retain jurisdiction to enforce this Order.

10. Nothing in this Order should be interpreted or construed as a finding that Adrian Farm Fund, LLC holds a lien, free and clear of all other liens and encumbrances held by any third party, on the Subject Property.

11. In the event that defendant John Benchick's conviction on Count One of the Second Superseding Indictment in Case No. 13-cr-20453 is vacated, and the government decides not to retry Mr. Benchick on Count One and/or dismisses the charge, then the United States will disburse the Subject Property as authorized by statute and directed by the Court. Additionally, notwithstanding anything stated herein to the contrary, in the event that defendant John Benchick's conviction on Count One of the Second Superseding Indictment in Criminal Case No. 13-cr-20453 is vacated, and the government decides not to retry defendant Benchick on Count One and/or dismisses the charge, then the interest that Adrian Farm Fund, LLC

claims in the Subject Property as set forth in its Verified Petition is preserved.

SO ORDERED.

                                                  S/Robert H. Cleland
                                                  ROBERT H. CLELAND
                                                  UNITED STATES DISTRICT JUDGE

Dated: October 25, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 25, 2017, by electronic and/or ordinary mail.

                                                  S/Lisa Wagner
                                                  Case Manager and Deputy Clerk
                                                  (810) 292-6522

interest that Petitioner claims in the Subject Property as set forth in its Verified

Petition is preserved.

Agreed as to form and substance:

DANIEL L. LEMISCH
Acting United States Attorney

s/ Linda Aouate
LINDA M. AOUATE (P70693)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9587
linda.aouate@usdoj.gov
Dated: October 18, 2017

Robert Ameriguian
2017.10.19
12:50:47 -04'00'

ROBERT AMERIGUIAN
Managing Member
Adrian Farm Fund, LLC
Petitioner

Dated: October ___, 2017

s/ [signature]
JORIN G. RUBIN (P60867)
Counsel for Petitioner
550 W. Merrill Street, Suite 100
Birmingham, MI 48009-1443
(248) 799-9100
jorinrubin@comcast.net
Dated: October 19, 2017

7